IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2021 AUG -2 P 2: 18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**ALISA PARK, Individually and on
Behalf of All Others Similarly Situated**     **PLAINTIFF**

vs.     No. 2:21-cv-__509-MHT-KFP__

**B & M MANAGEMENT
COMPANY, LLC**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Alisa Park ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant B & M Management Company, LLC ("Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Middle District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Northern Division of the Middle District of Alabama; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Gwinnett County, Georgia.

6. Defendant is a domestic limited liability company.

7. Defendant's registered agent for service of process is Corporation Service Company, at 641 South Lawrence Street, Montgomery AL, 36104.

8. Defendant, in the course of its business, maintains a website at https://www.bandm.org/.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

13. Defendant is a property management company.

14. Defendant manages properties throughout the southern United States, including Alabama, Arkansas, Florida, Georgia, Kentucky, Mississippi, Missouri, South Carolina, Tennessee and Texas.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant employed Plaintiff as an hourly-paid Leasing Consultant from 2016 to the present.

17. Plaintiff worked at Defendant's property in Suwanee, Georgia.

18. Defendant also employed other Leasing Consultants.

19. Plaintiff was primarily responsible for communicating with prospective tenants, processing tenant applications, generating leases and renewal offers, contributing to Defendant's social media presence, providing customer service to tenants, maintaining model and vacant units, and processing work orders and scheduling vendor work.

20. Other Leasing Consultants had the same or similar duties as Plaintiff.

21. Defendant directly hired Plaintiff and other Leasing Consultants, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. In addition to her hourly wage, Plaintiff received monthly bonuses based on how many tenants renewed their leases, the length of leases they signed for, and the rental rates of the units leased.

23. Other Leasing Consultants also received a monthly bonus based on the same factors.

24. These bonuses were nondiscretionary because Defendant informed Leasing Consultants of the bonuses upon hiring, the Leasing Consultants expected to receive these bonuses and did in fact receive the bonuses on a regular basis.

25. Upon information and belief, all or most Leasing Consultants receive monthly bonuses.

26. Defendant informs Leasing Consultants of the bonuses upon hiring because the bonuses are part of Defendant's compensation package and Leasing Consultants expect to receive the bonuses.

27. In addition to her hourly wage, Plaintiff receives a monthly rent credit of around $400.00.

28. Other Leasing Consultants also receive a rent credit.

29. Plaintiff and other Leasing Consultants regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

30. Defendant paid Plaintiff and other Leasing Consultants 1.5x times their base hourly rate for the hours they worked over 40 each week.

31. However, Defendant did not include the bonuses or rent credits that were paid to Plaintiff and other Leasing Consultants in their regular rates when calculating their overtime pay even though Plaintiff and other Leasing Consultants received bonuses or rent credits in pay periods in which they also worked in excess of forty hours per week.

32. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses and rent credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

33. Defendant violated the FLSA by not including all forms of compensation, such the non-discretionary bonuses of Plaintiff and other Leasing Consultants, in their regular rate when calculating their overtime pay.

34. Defendant's pay practices were the same for all Leasing Consultants who received bonuses and rent credits.

35. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

36. Because of the volume of work required to perform their jobs, Plaintiff and other Leasing Consultants consistently worked in excess of forty hours per week.

37. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Leasing Consultants violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

38. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Leasing Consultants who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked over forty in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

40. Plaintiff proposes the following collective under the FLSA:

**All Leasing Consultants who received a bonus or rent credit in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

41. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

42. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

43. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They were eligible for and received nondiscretionary bonuses;

    C. They received a rent credit;

    D. They worked over forty hours in at least one week in which they performed work related to a bonus or rent credit;

    E. They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

    F. They had the same or substantially similar job duties and requirements.

44. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds one hundred (100) persons.

45. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

46. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

47. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

48. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

52. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

53. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

54. Defendant knew or should have known that its actions violated the FLSA.

55. Defendant's conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

57. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

59. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

60. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

64. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

65. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

66. Defendant knew or should have known that its actions violated the FLSA.

67. Defendant's conduct and practices, as described above, were willful.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

69. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alisa Park, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, and its related regulations;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.   Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.   An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ALISA PARK, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ala. Bar No. 4047V46J
dourtney@sanfordlawfirm.com