IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALISA PARK, Individually and on Behalf of All Other Similarly Situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**B & M MANAGEMENT COMPANY, LLC,**<br><br>**Defendant.** | **CASE NO. 2:21-cv-509-MHT-KFP** |

**JOINT MOTION FOR APPROVAL OF
COLLECTIVE ACTION SETTLEMENT**

Plaintiff Alisa Park ("Named Plaintiff"), individually and on behalf of others similarly situated, and Defendant B & M Management Company, LLC, by and through their undersigned counsel, jointly submit their Motion for Final Approval of Collective Action Settlement, and in support thereof they do hereby state and allege as follows:

**INTRODUCTION**

On August 2, 2021, Named Plaintiff filed suit on behalf of herself and others similarly situated against Defendant alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA). *See* ECF No. 1. Named Plaintiff alleged in her complaint that Defendant failed to calculate certain bonuses and rent credits into the regular rate of Plaintiff and others similarly situated, leading to a miscalculation of overtime compensation. *See id*. Defendants deny Named Plaintiff's allegations and aver that she and all others similarly situated were properly paid under the FLSA. *See* ECF No. 5.

Page 1 of 7
Alisa Park, et al. v. B & M Management Company, LLC
U.S.D.C. (M.D. Ala.) Case No. 2:21-cv-509-MHT-KFP
Joint Motion for Approval of Collective Action Settlement

On November 4, 2021, the parties filed a Motion for Conditional Certification seeking certification of a collective of "All Leasing Professionals, Assistant Community Managers, and Housekeepers who received a bonus or rent credit in connection with work performed in at least one week in which they worked over forty hours since August 2, 2019" and requesting issuance of Notice and Consent forms to putative members of the collective. *See* ECF No. 11. This Court granted the Parties Motion on May 13, 2022. An opt-in period ensued, and 26 individuals returned a Consent to Join form, joining as party-plaintiffs to this lawsuit ("Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs"). *See* ECF Nos. 20 & 46.

Following arm's-length negotiations between counsel, the parties reached a settlement, the terms of which are memorialized in the Settlement Agreement and Release attached Exhibit 1 (the "Agreement"). The parties now seek this Court's approval of the Agreement.

## **MEMORANDUM OF LAW**

Employees can settle and release claims under the FLSA in two ways.  First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.  Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the District Court with a proposed settlement, and the District Court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353*; see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of

Page 2 of 7
Alisa Park, et al. v. B & M Management Company, LLC
U.S.D.C. (M.D. Ala.) Case No. 2:21-cv-509-MHT-KFP
Joint Motion for Approval of Collective Action Settlement

allowing settlement of FLSA claims where District Court has reviewed terms of settlement agreement).

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## ARGUMENT

### I.    Terms of the Settlement

Here, the parties submit that the Court should approve their Agreement to resolve Plaintiffs' FLSA claim against Defendant. The proposed Agreement arises out of an action that was adversarial in nature. The parties vigorously dispute the merits of Plaintiffs' FLSA claims and there is a bona fide dispute between the parties as to Plaintiff's entitlement to relief under the FLSA and, even assuming entitlement, the amount of such relief. Plaintiffs and Defendant were represented by competent and experienced attorneys who are well versed in wage and hour disputes.

Page 3 of 7
Alisa Park, et al. v. B & M Management Company, LLC
U.S.D.C. (M.D. Ala.) Case No. 2:21-cv-509-MHT-KFP
Joint Motion for Approval of Collective Action Settlement

Using payroll records from Defendant, counsel for the parties were able to calculate Plaintiffs' maximum damages for regular rate violations, construing the allegations in the Complaint in Plaintiffs' favor and assuming that Plaintiffs' received bonuses and rent credits should have been calculated into their overtime rate of pay. Under the terms of the Agreement, each Plaintiff is receiving 100% of these calculated damages, including claimed liquidated damages. For individuals with less than $100.00 in calculated damages, a minimum of $100.00 is allocated. A copy of the Settlement Allocation setting forth each Plaintiff's settlement award is attached the Agreement as Appendix A.

In addition to her allocated settlement share, Named Plaintiff is receiving $565.83 as a service award for her time and effort in bringing the case, identifying other potential Plaintiffs and taking part in answering initial disclosures. This amount does not affect the settlement awards payable to other Plaintiffs, as each is receiving all of the damages calculated by counsel for the allegations brought in the Complaint.

## II.     Factors for Settlement Approval

Some courts in the Eleventh Circuit apply the following factors in deciding whether an FLSA settlement is fair: "1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel." *Gee v. Applied Flooring, Inc.*, No. 17-269-KD-B, 2018 U.S. Dist. LEXIS 57144, at *2 (S.D. Ala. Apr. 4, 2018). *See also Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1250 (11th Cir. 2020).

Page 4 of 7
Alisa Park, et al. v. B & M Management Company, LLC
U.S.D.C. (M.D. Ala.) Case No. 2:21-cv-509-MHT-KFP
Joint Motion for Approval of Collective Action Settlement

A review of the relevant factors demonstrates the reasonableness of the settlement. Categorically no fraud or collusion taints the settlement. Each Plaintiff is receiving their uncompromised damages calculated with the records provided for the violations alleged in the Complaint. Further litigation would have likely devolved into competing testimony regarding Plaintiffs' hours of work and the nature of the bonuses they received. A trial encompassing all of the Opt-In Plaintiffs may well have been scheduled many months later than the parties' agreed resolution. Sufficient informal discovery has taken place between the parties regarding amounts paid, hours worked, and bonuses and rent credits received for the parties to accurately assess the value of Plaintiffs' potential claims. Finally, counsel for the parties believe that the settlement that they negotiated is a fair and reasonable resolution of this case.

### III. Attorneys' Fees and Costs

Under the terms of the settlement, Plaintiffs' counsel will receive the amount of $11,500.00. This amount was negotiated separately and only after a resolution of Plaintiffs' claims was reached. Accordingly, the fees and costs agreed did not compromise the amounts payable to Plaintiffs. Should the Court nevertheless seek to assess the fees for their reasonableness, Plaintiffs' counsel avers that they are reasonable.

Plaintiffs' counsel has billed over $17,000.00 in fees and costs in this matter, taking it from initial fact investigation and Complaint drafting, to a Notice period and communications with class members, through discovery and damages calculations, and finally settlement negotiations and finalization. Due to the work expended and the results obtained, the agreed fees are reasonable. Should the Court require a more thorough review, Plaintiff's counsel will provide their billing information.

Page 5 of 7
Alisa Park, et al. v. B & M Management Company, LLC
U.S.D.C. (M.D. Ala.) Case No. 2:21-cv-509-MHT-KFP
Joint Motion for Approval of Collective Action Settlement

## **CONCLUSION**

WHEREFORE, based on the foregoing, the Parties jointly request that the Court enter an Order and Judgment that (a) approves the parties' Agreement and directs that they comply in all respects; (b) that the Court retain jurisdiction for thirty (30) days after the Order to address, if necessary, any alleged breach of the Agreement, (c) that the Court dismiss this action, with prejudice, with the parties to bear their own costs of this action, upon expiration of thirty (30) days after the entry of such Order, and (d) such other and further relief that the Court deems appropriate.

Respectfully Submitted,

**ALISA PARK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

*/s/ Colby Qualls*
COLBY QUALLS (Ark. Bar No. 2019246)

***Attorney for Plaintiff Alisa Park***

SANFORD LAW FIRM, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
Email: colby@sanfordlawfirm.com

Page 6 of 7
Alisa Park, et al. v. B & M Management Company, LLC
U.S.D.C. (M.D. Ala.) Case No. 2:21-cv-509-MHT-KFP
Joint Motion for Approval of Collective Action Settlement

    **and**    **B & M Management Company, LLC, DEFENDANT**

*/s/ Christopher W. Weller*
CHRISTOPHER W. WELLER (WEL020)
*Attorney for Defendant B & M Management Company, L.L.C.*

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Email: Chris.Weller@chlaw.com

Page 7 of 7
Alisa Park, et al. v. B & M Management Company, LLC
U.S.D.C. (M.D. Ala.) Case No. 2:21-cv-509-MHT-KFP
Joint Motion for Approval of Collective Action Settlement