IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALISA PARK, Individually    )
and on Behalf of All        )
Others Similarly Situated,  )
et al.,                     )
                            )
     Plaintiffs,            )
                            )    CIVIL ACTION NO.
     v.                     )     2:21cv509-MHT
                            )         (WO)
B & M MANAGEMENT COMPANY,   )
LLC,                        )
                            )
     Defendant.             )
```

OPINION

This cause is before the court on a joint motion to approve an agreement settling named plaintiff Alisa Park's claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, against defendant B & M Management Company, LLC, as well as the claims of a collective of individuals who have opted into this case as additional plaintiffs. The agreement further provides for the dismissal of this lawsuit. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

Counsel for the parties having appeared before the court and testified as to the details of the settlement, and, for the following reasons, the motion to approve the settlement agreement will be granted.

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The first exception requires supervision by the Secretary of Labor under 29 U.S.C. § 216(c); the second exception allows for settlement of claims for back wages under 29 U.S.C. § 216(b), if a court "scrutiniz[es] the settlement for fairness," and determines that it is a "fair and

reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In this case, there are bona fide disputes over FLSA provisions, namely the nature of bonuses received by plaintiffs and whether they were properly excluded from plaintiffs' regular rate for purposes of calculating overtime compensation. Plaintiffs' settlement amounts compensate them for 100 % of their claimed overtime wages, including liquidated damages.

The settlement also includes a service award of $ 565.83 made payable to named plaintiff as well as a separate payment of $ 11,500.00 to plaintiffs' counsel

3

for accrued attorneys' fees and costs.  After hearing from counsel for the parties and reviewing the settlement agreement, the court concludes that the settlement is a fair and reasonable resolution of these bona fide disputes.  Neither the service award nor the payment for attorneys' fees had any bearing on the settlement amounts payable to each plaintiff, as each plaintiff is receiving the uncompromised value of their claim.  Therefore, the court finds that the allocated damages payments to the plaintiffs, the service award, and the payment to plaintiffs' counsel are fair and reasonable.

An appropriate order granting the motion and judgment will be entered.

DONE, this the 10th day of April, 2023.

                            /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**